Where a promissory note was made by one partnership, and indorsed by another, the acting partner in both being the same person ; it was held, that this fact did not excuse the want of due presentment for payment to the makers, and notice of non-payment to the indorsers.

The use of due diligence, by the holder, in making demand and giving notice, is a condition precedent in the contract of indorsement.

## DWIGHT and others *against* SCOVIL and others.

THIS was an action brought by the plaintiffs, as indorsees of a promissory note, made by *Lamson & Clark,* against the defendants, merchants in company, under the firm of *Scovil, Lamson* & Co., as indorsers. The declaration contained three counts. In the first, it was alleged, that payment of the note was demanded of the makers, and notice of non-payment given, in due season, to the defendants. In

the second, there was no allegation of a demand of payment, until after the note fell due. The third was the usual money count. The declaration averred, that *W. K. Lamson*, of the firm of *Lamson & Clark*, was the same *W. K. Lamson*, who was a member of the firm of *Scovil, Lamson* & Co.

The cause was tried at *New-Haven*, *August* term 1818, before *Swift*, Ch. J. and *Brainard* and *Chapman*, Js.

It was proved, that the note was made by *Lamson & Clark*, payable to the defendants, *Scovil, Lamson* & Co., and by them indorsed to the plaintiffs ; and that *W. K. Lamson*, one of the defendants, was a member of both firms ; as stated in the declaration. The note was payable on the 4th of *July*. It was not paid, nor was any demand of payment made, by the plaintiffs, of *Clark & Lamson*, on that day. On the 5th of *July*, the plaintiffs wrote a letter, addressed to the defendants at *Waterbury*, informing them, that the note was not paid, and that they should look to them for payment ; which letter was put into the post-office, at *New-Haven*, where the plaintiffs resided, on the same day, and was received, by the defendants, in due course of the mail. The defendants urged, as one ground of defence, that as no demand of payment was made when the note became payable, the plaintiffs were not entitled to recover. The plaintiffs insisted, that as *W. K. Lamson* was an acting partner in both co-partnerships, no demand of payment was necessary. The court charged the jury, that as no demand of payment was made of the makers, on the 4th of *July*, the plaintiffs could not recover, and directed the jury to find a verdict for the defendants ; which they accordingly did. The plaintiffs moved for a new trial, on the ground of a misdirection ; and the court reserved the motion.

*Daggett* and *N. Smith*, in support of the motion, contended, 1. That upon general principles of law, whenever a fact is equally within the knowledge of both parties, notice is not necessary. *Com. Dig. tit.* Pleader. (675.)

2. That as the acting partner in both firms, in this case, was the same man, any fact known to him, was, in contemplation of law, known to each company ; the knowledge of one member of a company being the knowledge of all. *Porthouse* v. *Parker & al.* 1 *Campb.* 82. *Alderson* v. *Pope*, 1

*New-Haven,*
*November,*
1818.

Dwight
*v.*
Scovil.

*Campb.* 404. n.  *Crowder & al.* v. *Shee,* 1 *Campb.* 437.  1 *Conn. Rep.* 371.  *Com. Dig. tit.* Condition. (L. 9.).

3. That where the maker and indorser are the same,—or where it is the duty of the indorser to provide for the note,—demand upon the maker, and notice to the indorser, are not necessary.  The reasons, on which the general rule of law requiring demand and notice is founded, are, that the indorser may secure himself by resorting to the maker, or that the indorser, from the nature of his undertaking, is responsible only on the failure of the maker to pay.  These reasons fail, in the cases supposed ; and therefore, in such cases, the general rule has been dispensed with.  *Mainwaring & al.* v. *Newman,* 2 *Bos. & Pull.* 120.  *Bond & al.* v. *Farnham,* 5 *Mass. Rep.* 170.  *Corney* v. *Da Costa,* 1 *Esp. Rep.* 302.

*Staples* and *Bronson,* contra, contended, 1. That the *notice* in this case was insufficient.  The notice actually given by the plaintiffs, being out of season, is not relied on.  The only questions, then, on this part of the case, are, whether *Lamson's* knowledge of the fact of non-payment, which he is supposed to have as a member of the house of *Lamson & Clark,* can be imputed to him as a member of the house of *Scovil, Lamson* & Co. so as to affect the latter house with the same knowledge ; and if it can, whether such knowledge is tantamount to legal notice.  As to the first of these questions, it is sufficient to observe, that the affirmative is supported by no adjudged case ; and the reasoning in favour of it is extremely artificial, and corresponds, in no degree, with the plain common sense which pervades this title of the law.  But yield the point ; still it is clear, in answer to the next question, that the indorser of a note is entitled to something more than *mere knowledge* of non-payment.  Before he can be subjected, the holder must *discharge his duty :* he must, according to the circumstances of the case, give personal notice, or send notice by the post.  *Nicholson* v. *Gouthit,* 2 *H. Black.* 609.  *Esdaile & al.* v. *Sowerby & al.* 11 *East* 114, 117.

2. That a *demand* of payment, of the makers, when the note became payable, was indispensable.  The making of such demand was a part of the diligence, which the holders were bound to exercise, and was a condition precedent to their right of recovery.  *Chitty on Bills* 260.  *Heylyn & al.* v.

*New-Haven,*
November,
1818.

Dwight
*v.*
Scovil.

*Adamson,* 2 *Burr.* 674, 676. *Munroe & al.* v. *Easton,* 2 *Johns. Ca.* 75, 6. *Berry* v. *Robinson,* 9 *Johns. Rep.* 121, 2. *May* v. *Coffin,* 4 *Mass. Rep.* 347. *Elford & al.* v. *Teed,* 1 *Mau. & Selw.* 28. *Anderson* v. *Drake,* 14 *Johns. Rep.* 114. These authorities are clearly decisive, unless the circumstances of the present case form an exception to the general rule. If they do form such an exception, it must be on the ground, that the non-payment of the note by *Lamson* & *Clark* was the default of each ; and the default of *Lamson,* as a member of that firm, became his default as a member of the firm of *Scovil, Lamson* & Co., the default of the firm, in one instance, being the default of each member, and the default of one of the members, in the other instance, being the default of the firm ; and then that *Scovil, Lamson* & Co., being thus in default, themselves, have no right to insist, that the holders shall do their duty ! If this reasoning requires an answer, it is sufficient to remark, that it is a part of the contract implied in the act of indorsement, that the indorser shall be liable only in the event of a demand by the holder, or due diligence to make one ; and to subject the indorser, without performance of the condition, requires a new contract. If the plaintiff has not done what is essential to give him a right of action, it will be of little avail to shew, by any refinements of logic, that the defendant is chargeable with default.

SWIFT, Ch. J. In all cases of accepted bills and indorsed notes, it is necessary for the holder of the bill, and the indorsee of the note, to present the bill to the acceptor and the note to the maker, when they fall due, and demand payment. It is true, that there may be a waiver, by some subsequent act ; as a promise to pay : but this is always deemed equivalent to presentment and demand.

The reason of the rule is, that the engagement of the indorser is conditional : he promises to pay, on condition that the holder uses due diligence, and the acceptor or maker fails to pay. This is a condition precedent ; and the holder is bound to perform it. It has always been held, that insolvency is no excuse ; for the acceptor or maker may have friends to aid him ; or he may have funds especially provided for that purpose ; so that it can never be known, but that the note or bill would have been paid, if duly presented. Besides, non-payment is a matter susceptible of easy proof,

while insolvency is often a complicated question; and it is for the interest of parties, where it can be done, that their rights should be made dependent on matters which will not be the subject of contest in point of fact.

The circumstance, that one of the defendants was a member of both the companies, who made and indorsed the note, can make no difference; for each company is to be considered as distinct persons, with different funds and liabilities; and there is the same reason for presentment and demand, as if the companies were wholly different. If the companies should reside in different and distant places, the drawing of bills on each other might be convenient in the course of their business; but on the principle contended for, the company drawing the bill might be subjected to pay it, because one of the partners belonged to both companies, when the company on whom it was drawn was solvent, and would have paid the bill, if it had been presented.

It is said, that notice to one partner, is notice to all; and that here, one of the defendants knew, that the note was not paid. It is true, that one of the defendants must, in legal consideration, have known, that the note was not paid; but he equally well knew, that the note, when it became due, had not been presented to the makers, and payment demanded; he knew the fact that exonerated the defendants from all liability on their indorsement to pay the note; and it would be strange logic to say, that this knowledge rendered the defendants liable.

The other Judges were of the same opinion.

New trial not to be granted.